## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cr-30115 |
| | ) | |
| THOMAS A. YARRINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Yarrington has filed a Motion for Enlargement of Time to File a § 2255 Petition.

It is denied.

I.

In March 2008, law enforcement officers began investigating individuals suspected of distributing cocaine in Springfield, Illinois.  By May of that year, the officers' interest had focused on the apartment where the Defendant resided.

On May 22, 2008, the Defendant's girlfriend, whose name was on the lease, gave officers consent to search the apartment she shared with the Defendant. During the course of the search, officer located over 325 grams of cocaine, a digital scale, large Ziploc bags, sandwich baggies, inositol powder, and $14,800.00 in United States currency. The Defendant's latent fingerprints were found on a large Ziploc bag containing over 314 grams of cocaine.

After being arrested and given his *Miranda* rights, the Defendant told the officers that he was responsible for the cocaine found in the apartment. He detailed how he "cut"—or adulterated—the cocaine with inositol, weighed it, and packed it for delivery to Jeremy Wallace. The Defendant explained how he and Wallace conducted their drug transactions. Finally, the Defendant stated that half of the cash found at the apartment came from his music business and the other half was from the sale of cocaine.

The Defendant pleaded not guilty and U.S. District Judge Jeanne E. Scott presided over his jury trial. He was convicted on January 7, 2010

of possessing cocaine with the intent to distribute.  On July 12, 2010, Judge Scott sentenced the Defendant to 108 months imprisonment.

The Defendant filed a Notice of Appeal on July 20, 2010, and the case was transferred to the undersigned following Judge Scott's retirement.  The U.S. Court of Appeals for the Seventh Circuit affirmed the Defendant's conviction on May 6, 2011, and the mandate issued on May 31, 2011.  *See United States v. Yarrington*, 640 F.3d 772 (7th Cir. 2011).

The cash found at the apartment was forfeited to the United States in a civil forfeiture action brought under 21 U.S.C. § 881.  *See United States v. $14,800*, No. 09-cv-3331 (C.D. Ill., Oct. 27, 2010).

The Defendant filed the Motion for Enlargement of Time to File a § 2255 Petition on December 22, 2011.  In the Motion, he has requested copies of documents from the case file, and an enlargement of time to file a petition under 28 U.S.C. § 2255.

The Government has not responded.

## II.

## A.

Congress has established a one-year limitation to file a § 2255 petition:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It appears that the Defendant has adequate time to prepare a § 2255 petition, and he has not specified why an enlargement of time would be appropriate, other than the fact that he apparently does not possess many documents from his case.

In any event, the Court has reservations about prospectively enlarging the time in which to file a § 2255 petition. While the limitation period is not jurisdictional and may be equitably tolled, *see*

*Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004), equitable tolling is reserved for extraordinary circumstances, *see id.* at 484, and is generally applied retroactively—not prospectively, *see, e.g., id.* at 481-483; *but see Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002) (affirming district court's use of prospective equitable tolling in § 2254 case where tolling achieved the same result as a stay). Accordingly, the Court declines to grant an enlargement of time to file a § 2255 petition.

## B.

The Defendant claims to be indigent, and has requested the trial transcript, the sentencing hearing transcript, and a copy of the statement of reasons for imposing the sentence.[1]

---

[1] In a previous letter, the Defendant claimed his retained attorney failed to forward the documents as requested: "I have paid attorney T. Lee Boyd, Jr. to forward the same, but he has been unresponsive, with no communication [whatsoever]. I have written him at 70 West Madison, Suite 1400 Chicago, Illinois 60602, and placed calls at (312) 782-6161 all attempts have met no response."

Courts may take judicial notice of matters of public record, including information from attorney registration and disciplinary bodies, including their internet databases. *See* Fed. R. Evid. 201(b); *Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843 (JO), 2010 WL 4392566, at *4 n.9 (E.D.N.Y. Oct. 29, 2010); *Grant v. Viano*, No. 298215, 2011 WL 4375084, at *5 n.3. (Mich. App. Sept. 20, 2011). According to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"), Attorney T. Lee Boyd, Jr. is not currently authorized to practice law, and his registration status is listed as "Deceased." *See* ARDC Registration and Public Disciplinary Record of T. Lee Boyd, Jr.,

In a letter to the Defendant dated December 13, 2011, a Deputy Clerk of Court noted that the copies of the public case file could be provided, at the rate of $0.10 per page, with prepayment in advance.

The Court notes that certain transcripts contained in the record are sealed. The Deputy Clerk stated the following in her letter to the Defendant: "[The Clerk's Office] can only copy what is in the public case file. Sealed documents are not available for copying." Even if the Defendant was to pay in advance for these transcripts, the sealed transcripts would not be released unless the Defendant could show good cause for their release.

The Court declines to provide copies of the non-sealed documents in the case file. However, the Court would provide the Defendant copies of the non-sealed documents under the following circumstances:

- the Defendant files a § 2255 petition,

- he is granted in forma pauperis status,

- he requests the documents, and

---

https://www.iardc.org/ldetail.asp?id=552557952 (last visited February 27, 2012). The Court takes judicial notice that Attorney T. Lee Boyd is no longer practicing law.

- the Court certifies that the action is not frivolous and that the transcript is needed to decide the case. *See United States v. Cook*, 362 Fed. App'x 238, 238-39 (3d Cir. 2010).

## C.

The Defendant has requested a § 2255 packet. According to the records of the Clerk of Court, a § 2255 packet was sent to the Defendant on December 22, 2011. Therefore, this request will be denied as moot.

## III.

*Ergo*, Defendant Thomas A. Yarrington's Motion for Enlargement of Time to File § 2255 Petition is DENIED.

IT IS SO ORDERED.

ENTER: March 13, 2012

FOR THE COURT:                    */s/ Richard Mills*
                                  _____
                                  Richard Mills
                                  United States District Judge